Filed 3/23/23  P. v. Dickey CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>COLIN RAKER DICKEY,<br><br>  Defendant and Appellant. | F084345<br><br>(Super. Ct. No. CF90416903)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

McBreen & Senior, David A. Senior and Ann K. Tria for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kenneth N. Sokoler and Justain P. Riley, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Petitioner Colin Raker Dickey petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his convictions for first degree murder (§ 187). The superior court denied the petition at the prima facie stage on the ground petitioner's jury found he acted with intent to kill.

On appeal, petitioner contends the trial court reversibly erred by engaging in premature factfinding, relying on a prior appellate opinion, and concluding the jury's findings establish he is ineligible for resentencing. We conclude the record of conviction conclusively establishes petitioner's ineligibility for resentencing. Accordingly, even if the court erred in aspects of its analysis, petitioner was not prejudiced and the petition was properly denied. We therefore affirm.

## FACTUAL AND PROCEDURAL HISTORY

### I.     Underlying Convictions

The charges against petitioner arose out of the deaths of Marie Caton and Louis Freiri following a robbery and burglary at their residence in 1988. Caton's grandson Richard Cullumber was implicated in the crimes, along with petitioner.[2] (*People v. Dickey* (2005) 35 Cal.4th 884, 894-899 (*Dickey*).)

A jury found petitioner guilty of two counts of first degree murder, and found true robbery-murder, burglary-murder, and multiple murder special circumstances (§§ 187, 190.2, subd. (a)(3), (17)). The jury also found defendant guilty on two counts of robbery (§ 211) and one count of first degree burglary (§ 459). At the penalty phase, the jury fixed the punishment for the murders at death. (*Dickey*, *supra*, 35 Cal.4th at p. 894.)

---

[1] Undesignated statutory references are to the Penal Code. Since petitioner filed his petition, former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

[2] We dispense with a further statement of facts as the facts underlying the offenses are not relevant to our disposition.

In petitioner's automatic appeal, our Supreme Court affirmed. (*Dickey*, *supra*, 35 Cal.4th at p. 894.) Relevant here, petitioner conceded the evidence was sufficient to prove he planned and participated in the burglaries and robberies, but argued the evidence was insufficient to prove he aided and abetted in the murders. (*Id.* at p. 900.) The high court determined petitioner was found guilty of aiding or abetting the murders under a felony-murder theory. (*Ibid.*) The high court rejected petitioner's argument that the felony-murder special circumstances required the jury to find that he acted with intent to kill in aiding and abetting the murders, rather than in aiding and abetting the underlying felonies. (*Id*. at pp. 901-903.) The court also determined the evidence was sufficient to prove petitioner had the requisite intent to kill, as required to support the true findings on the special circumstances. (*Id*. at pp. 903-905.) Finally, the high court rejected petitioner's argument that the trial court prejudicially erred "by failing to instruct the jury that, for purposes of the special circumstances, he had to possess the intent to kill concurrently with his aiding or abetting the actual killings." The high court again rejected the proposition that the prosecution was required to prove that defendant aided and abetted the actual killings, in addition to aiding and abetting the robberies and burglary. (*Id.* at p. 904.)

## II.     Section 1172.6 Petition

On August 27, 2021, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1172.6. In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. He further averred that he was not the actual killer, did not act with an intent to kill, and was not a major participant in the

underlying felony or did not act with reckless indifference to human life in the course of the crime. He requested counsel be appointed to represent him on the petition.

On October 13, 2021, the People filed an opposition to the petition, arguing petitioner was ineligible for resentencing because the jury's true findings on the three special circumstances established beyond a reasonable doubt that petitioner acted with intent to kill.

On November 12, 2021, petitioner, through counsel,[3] filed a reply to the People's opposition, arguing he made a prima facie claim for resentencing and the jury's true finding on the special circumstances did not automatically preclude relief.

The matter was heard on April 8, 2022. The trial court stated its tentative decision was to find a prima facie showing had been made and to set the matter for an evidentiary hearing. The People again pointed out that the jury found petitioner acted with intent to kill, and the California Supreme Court determined, in petitioner's automatic appeal, that he was a principal in the murder and acted with malice. Petitioner agreed that the jury found he acted with intent to kill, but argued the jury instructions did not require the jury to find he had committed any actus reus with that intent. The People disagreed and argued the jury was required to find he acted with the intent to kill and as an aider and abettor to the murder. The People pointed out that the Supreme Court had determined petitioner was an aider and abettor to first degree murder, thereby necessarily determining petitioner had aided and abetted the actual killer with intent to kill. The court took the matter under submission.

On May 3, 2022, the superior court issued a written order denying the petition. The superior court relied on the California Supreme Court's holdings from its decision in

---

[3] A February 15, 2022 court order states petitioner did not request the appointment of counsel. It appears petitioner initially was represented by privately retained counsel acting pro bono. Subsequently, privately retained counsel was appointed nunc pro tunc as petitioner's appointed counsel.

petitioner's automatic appeal, the jury instructions, and the jury's special circumstance findings to determine petitioner aided and abetted in the murder with intent to kill. Accordingly, the superior court determined petitioner was ineligible for resentencing.

This timely appeal followed.

## DISCUSSION

### I. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[4] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

---

[4] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

Finally, the bill added former section 1170.95, now section 1172.6, to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.) Relevant here, this procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)-(c); accord, *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) In making this determination, the court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971 (*Lewis*).) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

If the sentencing court determines the petitioner has made a prima facie showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

6.

## II.      The Record Establishes Petitioner is Ineligible for Resentencing

Petitioner argues the superior court erred in denying the petition on several grounds.  He contends the court made inappropriate factual findings, the jury's true findings on the special circumstances do not negate his prima facie showing, and the record does not support the superior court's finding that the jury found petitioner guilty as a principal aider and abettor who acted with malice.  We conclude the record establishes petitioner is ineligible for resentencing as a matter of law.  Accordingly, even assuming the superior court erred in aspects of its analysis, petitioner was not prejudiced thereby.  (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.)

We begin by discussing the recent evolution of felony-murder law.[5]  At the time petitioner committed the offenses,[6] " 'when the defendant or an accomplice kill[ed] someone during the commission, or attempted commission, of an inherently dangerous felony,' the defendant could be found guilty of the crime of murder, without any showing of 'an intent to kill, or even implied malice, but merely an intent to commit the underlying felony.' " (*Strong*, *supra*, 13 Cal.5th at p. 704; see former § 189.)  "Murders occurring during certain violent or serious felonies [including robbery and burglary] were of the first degree, while all others were of the second degree."  (*Strong*, at p. 704.)

"Then, as now, a defendant convicted of first degree murder could be punished by a sentence of death or life without possibility of parole if the trier of fact found the murder's commission involved one of several statutorily defined special circumstances. [Citation.]  These special circumstances serve a constitutionally required role by narrowing the class of individuals eligible for the death penalty to those whose actions and mental state are sufficiently egregious to potentially warrant that penalty."  (*Strong*,

---

[5] Petitioner's jury was not instructed on the natural and probable consequences doctrine, and we therefore do not discuss this theory of murder liability.

[6] The offenses were committed in 1988 and petitioner was tried in 1991.

*supra*, 13 Cal.5th at p. 704.)  The felony-murder special circumstances of which petitioner was convicted apply "to certain murders committed in the course of one of a dozen of the most serious felonies, including robbery, rape, arson, carjacking, and first or second degree burglary.  [Citation.]  Like the other special circumstances, the felony-murder special circumstance applies to defendants who actually killed [citation] or who abetted a murder with the intent to kill [citation]."[7]  (*Strong*, at p. 704.)

Senate Bill No. 1437 "significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Strong*, *supra*, 13 Cal.5th at pp. 707-708, quoting Stats. 2018, ch. 1015, § 1, subd. (f).)  As stated above, section 189 now limits felony-murder liability to "actual killer[s]"; those who, "with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree"; and major participants in the underlying felony who acted with reckless indifference to human life.  (§ 189, subd. (e); accord, *Strong*, at p. 708.)  Notably, section 189, as amended, generally tracks the language of the felony-murder special circumstances of which petitioner was convicted.

---

[7] Felony-murder special circumstance liability eventually was extended to major participants in the underlying felony who acted with reckless indifference to human life. (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990) § 10; see *Strong*, *supra*, 13 Cal.5th at p. 705.)  We do not discuss this theory of liability as it was not in effect at the time petitioner committed the offenses and was not presented to petitioner's jury.

At the time petitioner was convicted, the relevant portion of section 190.2 provided that the special circumstance applied to "[e]very person whether or not the actual killer found guilty of intentionally aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting any actor in the commission of murder in the first degree . . . ."  (§ 190.2, subd. (b).)

With this background, we turn to the record of petitioner's conviction. Petitioner's jury was instructed on a single theory of first degree murder: felony murder committed during the commission of a robbery or burglary. The instructions defined felony murder as to both a perpetrator and an aider and abettor to robbery or burglary. Instructions on other theories of murder liability were withdrawn and were not given. Thus, the jury was not instructed on malice aforethought, deliberate and premeditated murder, the natural and probable consequences doctrine, or second degree murder when a killing results from an unlawful act that is dangerous to life. Although the felony-murder aider-and-abettor instruction required the jury to find only that petitioner intentionally aided and abetted a robbery or burglary, the jury also was instructed, "All of the special circumstances allegations require an intent to kill." Additionally, a separate instruction informed the jury that, to find any of the special circumstances true, the jury was required to find that petitioner "intended either to kill a human being or to aid another in the killing of a human being."

It is beyond dispute that, in finding the special circumstances true, the jury was required to find petitioner possessed an intent to kill. However, petitioner argues this finding is insufficient to establish his ineligibility for resentencing as a matter of law, because the instructions did not require the jury to find petitioner combined this intent with any particular act. More specifically, petitioner contends the jury did not necessarily find he acted with intent to kill in aiding and abetting the killings, rather than in aiding and abetting the robbery and/or burglary. Thus, he contends, the instructions did not require the jury to make "the exact factual findings that would now be required" to find petitioner guilty under the amended law, i.e., that he, "with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree." (§ 189, subd. (e)(2).)

Our Supreme Court has already rejected this argument in relation to the special circumstances findings. In petitioner's automatic appeal, the high court determined that

9.

petitioner's jury found he aided and abetted the murders by aiding and abetting the underlying felonies. (*Dickey*, *supra*, 35 Cal.4th at pp. 900, 904.) The high court rejected petitioner's argument that the special circumstances required the jury to find that he acted with intent to kill *in aiding and abetting the killings*, rather than *in aiding and abetting the underlying felonies*. (*Dickey*, at pp. 901-903.) The high court also rejected the argument that the instructions were inadequate for failing to instruct the jury petitioner was required to "possess the intent to kill concurrently with his aiding or abetting the actual killings." (*Id.* at p. 904.) The court reiterated that the prosecution was not required to prove that defendant aided or abetted the actual killings. (*Ibid.*)

Because the language governing applicability of the felony-murder special circumstances is substantially the same as the language of section 189, as amended by Senate Bill No. 1437, the analysis from *Dickey* logically extends to felony-murder liability under the amended law. Under section 189, subdivision (a), "[a]ll murder that is . . . committed in the perpetration of, or attempt to perpetrate, . . . robbery[ or] burglary . . . is murder of the first degree." (§ 189, subd. (a).) Here, the jury necessarily found the murders were committed while petitioner was involved in the perpetration, or attempted perpetration of robbery and/or burglary. To the extent the jury verdict rested on an aiding and abetting theory, the jury also necessarily found that, in aiding and abetting felony murder, petitioner intended to kill a human being or to aid another in the killing of a human being. Under our Supreme Court's holdings in petitioner's automatic appeal, this finding is sufficient to satisfy the requirement that petitioner "with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree." (§ 189, subd. (e)(2).)

Another court has recently reached the same conclusion. In *People v. Lopez* (2023) 88 Cal.App.5th 566 (*Lopez*), the petitioner had been found guilty of first degree murder and the jury found true a prior-murder special circumstance. The jury had been instructed on first degree premeditated murder and first degree felony murder. (*Id.* at

10.

p. 572.)  With regard to the prior-murder special circumstance, the jury was instructed it could find the special circumstance true if it found the petitioner " 'personally killed or personally shared a specific intent to kill' " the victim.  (*Ibid*., italics omitted.)  On appeal from the denial of the petitioner's section 1172.6 petition, the Court of Appeal determined the record, and in particular the intent-to-kill finding on the special circumstance, conclusively established the petitioner was at least a person who, " 'with the intent to kill, aided, abetted, . . . or assisted the actual killer in the commission of murder in the first degree.' "  (*Id*. at p. 576.)  The Court of Appeal rejected the petitioner's argument that section 189, subdivision (e)(2) requires an act that assists the killing itself, rather than the underlying felony.  The Court of Appeal noted that our Supreme Court had already interpreted this same language in *Dickey*, and the Legislature was presumed to have intended the amended language of section 189 to have the same meaning.  (*Lopez*, at pp. 577-578.)

We additionally note that interpreting section 189, subdivision (e)(2) as petitioner suggests does not further the Legislature's stated intent in amending the felony-murder rule.  The Legislature stated that the purpose of Senate Bill No. 1437 was to ensure that each offender is "punished for his or her actions according to his or her own level of individual culpability" and to "ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subds. (d), (f).)  Petitioner's jury has already made these relevant determinations.  Petitioner was convicted of two counts of felony murder, with the jury finding that he intended to kill the victims.  The same jury, considering the nature and circumstances of the offense, determined petitioner was deserving of the death penalty.[8]  Both determinations were upheld on appeal.  (*Dickey*, *supra*, 35 Cal.4th at

[8] "The only witness who testified at the penalty phase . . . was called by the prosecution to provide a foundation for the admission of the autopsy photographs.  No

11.

pp. 900-904, 916-933.) Permitting petitioner to proceed with the resentencing process where a jury found that he aided and abetted in a robbery and burglary with the intent to kill, and in which death occurred, would do nothing to further ensure that he is punished according to his individual culpability.

Finally, we acknowledge petitioner's reference to *People v. Pacheco* (2022) 76 Cal.App.5th 118, 128, review granted May 18, 2022, S274102,[9] in which the Court of Appeal determined that a felony-murder special circumstance finding of intent to kill did not conclusively establish resentencing ineligibility under section 1172.6. There, the court determined that a jury's true finding on a gang special circumstance did not establish the petitioner's intent to kill while aiding and abetting a murder. Instead, the court determined the jury may have found the petitioner possessed the intent to kill while aiding and abetting other offenses, such as disturbing the peace, which were implicated by an instruction on the natural and probable consequences doctrine. (*Ibid.*) Here, however, petitioner's jury was not instructed on the natural and probable consequences doctrine, and his jury determined both that he possessed the intent to kill and that he was liable for murder based on his participation in a qualifying felony in which a death occurred. On this basis, the jury's findings unequivocally establish that he was convicted under a theory that remains valid after Senate Bill No. 1437, and he therefore is ineligible for resentencing as a matter of law.

---

other evidence, aside from a stipulation to [petitioner's] prior burglary conviction, was introduced." (*Dickey*, *supra*, 35 Cal.4th at p. 900.)

[9] Further action on the petition for review was deferred pending consideration and disposition of *People v. Curiel*, S272238, in which our Supreme Court has granted review to determine whether a jury's true finding on a gang-murder special circumstance precludes a petitioner from making a prima facie showing of resentencing eligibility under section 1172.6.

## **DISPOSITION**

The May 3, 2022 order denying the petition is affirmed.

DETJEN, J.

WE CONCUR:

LEVY, Acting P. J.

POOCHIGIAN, J.

13.